UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KWAJALEIN BUTLER-CUMMINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 5:25-cv-410 |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff KWAJALEIN BUTLER-CUMMINGS as and for her Complaint respectfully alleges as follows:

### I.  INTRODUCTION

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive damages against Defendant EXPERIAN INFORMATION SOLUTIONS ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Venue in this District is proper in that the Defendant transacts business in the city of Shreveport, Caddo Parish, Louisiana, and the conduct complained of occurred in Shreveport, Louisiana.

### III.   PARTIES

4. Plaintiff is a natural person residing in Shreveport, Caddo Parish, Louisiana.

5. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

6. Upon information and belief, Defendant Experian is an Ohio corporation duly authorized and qualified to do business in the State of Louisiana, with its registered agent address as C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

7. Upon information and belief, Defendant Experian is a consumer reporting agency (CRA) and disburses consumer reports to third parties under contract for monetary compensation.

### IV. FACTS OF THE COMPLAINT

8. On or about December 2023, Plaintiff obtained a copy of her consumer report and discovered incomplete and inaccurate information furnished by Defendant Experian as follows:

   a) Defendant Experian is inaccurately reporting personal information regarding Plaintiff's name, address and social security number.

9. On or about December 11, 2023, Plaintiff sent written disputes via certified mail to Defendant Experian disputing the completeness and/or accuracy of the aforementioned personal identification information.

10. On or about January 2024, Plaintiff obtained a copy of her consumer report and discovered incomplete and inaccurate information furnished by Defendant Experian as follows:

   a) Defendant Experian is inaccurately reporting personal information regarding Plaintiff's name, address and social security number.

   b) Defendant Experian is reporting inaccurate and/or incomplete information regarding the accounts furnished by the following: (1) Acima Credit FKA SIMPL; (2) Dept of Ed/AIDVANTAGE; (3) Exeter Finance LLC/WCG; (4) The Bank of Missouri; (5) Caine & Weiner; (6) NCB Management Services Inc; (7) The Retail Merchants Association.

   c) Defendant Experian is inaccurately reporting inquiries furnished by the following: (1) JPMCB Card; (2) Vervent.

11. On or about January 16, 2024, Plaintiff sent written disputes via certified mail to Defendant Experian disputing the completeness and/or accuracy of the aforementioned personal information, tradelines and inquiries.

12. On or about February 2025, Plaintiff obtained a copy of her consumer report and discovered incomplete and inaccurate information furnished by Defendant Experian as follows:

   a) Defendant Experian is inaccurately reporting personal information regarding Plaintiff's name, address and social security number.

   b) Defendant Experian is reporting inaccurate and/or incomplete information regarding the accounts furnished by the following: (1) Acima Credit FKA SIMPL; (2) Capital One; (3) Dept of Ed/AIDVANTAGE; (4) Exeter Finance LLC/WCG; (5) First Premier; (6) FSNB; (7) Harris & Harris LTD; (8) Merrick Bank; (9) The Bank of Missouri; (10) Resurgent/LVNV Funding LLC.

13. On or about February 10, 2025, Plaintiff sent written disputes via certified mail to Defendant Experian disputing the completeness and/or accuracy of the aforementioned personal information and tradelines.

14. On or about March 2025, Plaintiff noticed that despite her disputes, the alleged tradelines and/or personal information was still being reported inaccurately and/or incompletely on her consumer report.

15. Upon information and belief, Defendant Experian transmitted Plaintiff's dispute to the furnisher of the information and provided all relevant disputed information.

16. The FCRA demands of CRAs that they utilize reasonable procedures to assure maximum possible accuracy of the information they report. 15 U.S.C. §1681e(b).

17. When a consumer disputes an item of information, the agency must investigate the dispute and, if the information cannot be verified, delete it. 15 U.S.C. §1681i.

18. Also, when a consumer disputes the accuracy of information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

19. As a result of the actions and inactions of the Defendant, Plaintiff suffered damages, including but not limited to being denied credit or being granted credit with a much higher interest rate, severe humiliation, emotional distress, frustration, anxiety and mental anguish.

## V.  FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)

20. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

21. Defendant Experian violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report purportedly concerning Plaintiff.

22. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

23. At all times alleged herein, Defendant Experian acted negligently and/or willfully.

24. Defendant Experian is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681g

25. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

26. Defendant Experian has failed to comply with the requirements in 15 U.S.C. §1681g to provide a full file disclosure to Plaintiff.

27. Defendant Experian has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

28. Defendant Experian has done so either negligently or willfully.

29. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

30. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## VII.    THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)

31. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

32. Defendant Experian has failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

33. Defendant Experian has violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

34. Defendant Experian has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

35. Defendant Experian has done so either negligently or willfully.

36. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

37. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## VIII.  FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)

38. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

39. Defendant Experian has violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

40. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

41.  At all times alleged herein, Defendant Experian acted negligently and/or willfully.

42. Defendant Experian is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(5)

43. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

44. Defendant Experian violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the inaccurate tradelines on Plaintiff's consumer report, (ii) failed to find it to be inaccurate, and (iii) failed to promptly notify the furnishers of information that the information was deleted from Defendant's file of Plaintiff.

7

45. Defendant Experian violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

46. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

47. At all times alleged herein, Defendant Experian acted negligently and/or willfully.

48. Defendant Experian is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## X.  SIXTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(6)(B)(iii)

49. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

50. Defendant Experian has violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

51. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

52. At all times alleged herein, Defendant Experian acted negligently and/or willfully.

53. Defendant Experian is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XI. SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)

54. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

55. Defendant Experian has violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

56. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

57. Defendant Experian acted negligently and/or willfully.

58. Defendant Experian is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XII.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against Defendant for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Costs and attorney's fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C §1681o(b);

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: March 31, 2025

By:   s/ Tiffany Hill
Tiffany Hill, Esq. (LA #29249)
TH Legal Consulting LLC
201 Rue Beauregard, Ste 202
Lafayette, LA 70508
(405) 456-9406
thlegalconsulting@gmail.com
*Attorney for Plaintiff*